IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| NORMAN SHELTON, | 1:23-CV-00100-RAL |
| Petitioner | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| vs. | |
| COMMONWEALTH OF PENNSYLVANIA<br>BOARD OF PROBATION & PAROLE, et al., | MEMORANDUM OPINION ON<br>PETITION FOR WRIT OF HABEAS<br>CORPUS |
| Respondents | ECF NO. 4 |

I.  Introduction

Petitioner Norman N. Shelton has filed a petition, *pro se*, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 4. Shelton challenges the Pennsylvania Board of Probation and Parole's calculation of his maximum sentence date. In response, Respondents contend that this Court lacks jurisdiction over Shelton's claims because they have been presented in an unauthorized second or successive petition. ECF No. 11.

II.  Background

On March 8, 1983, Shelton was convicted in the Court of Common Pleas for Philadelphia County of robbery, criminal conspiracy, and firearms charges. *See Shelton v. PA Board of Probation and Parole*, 2022 WL 20718455, at *1 (E.D. Pa. Sept. 16, 2022). He was sentenced to a term of incarceration of 7 ½ to 30 years. *Id.* After being released on parole, he was arrested on

1

federal charges of armed bank robbery and related offenses in September 1992. *Id.* Following a conviction on that charge, he was sentenced to 322 months incarceration. *Id.*

Shelton completed his federal custodial sentence on April 14, 2017. *Id.* He was then returned to the custody of the Pennsylvania Board of Probation and Parole (Parole Board) to be tried for violation of parole. *Id.* In a decision recorded on September 19, 2017, the Parole Board revoked his parole and established a maximum sentence date of June 21, 2037. *Id.*

On May 5, 2022, Shelton filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. *Id.* In three overlapping grounds for relief, Shelton challenged the Parole Board's recalculation of his maximum sentence date. *Id.* On September 16, 2022, a United States Magistrate Judge issued a Report and Recommendation that Shelton's petition be dismissed as untimely, procedurally defaulted, and non-cognizable. *Id.* at *3-5. The District Court adopted that recommendation on September 29, 2023, and dismissed the action. *See Shelton v. Board of Probation and Parole*, 2023 WL 6391695 (E.D. Pa. Sept. 29, 2023).

While that case was pending, Petitioner filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. *See Shelton v. PA Board of Probation & Parole*, Case No. 1:22-cv-287 (W.D. Pa. 2022). Shelton argued that the Parole Board "abuse[d the] separation of power doctrine" when it recalculated his release date. *Id.* at ECF No. 5. On May 18, 2023, this Court issued a Memorandum Opinion and Order dismissing Shelton's petition for lack of jurisdiction as an unauthorized second or successive petition. *Id.* at ECF No. 22.

On April 5, 2023, Shelton filed the instant petition for writ of habeas corpus and paid the $5.00 filing fee. *See* ECF Nos. 1, 4-5. The parties subsequently consented to the jurisdiction of

the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636. This matter is ripe for adjudication.

III.   Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas corpus petition challenging a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). *See, e.g., Magwood v. Patterson*, 561 U.S. 320 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the Court of Appeals must decide within thirty days whether there is a *prima facie* showing that the application satisfies § 2244's substantive requirements, set forth in § 2244(b)(2). *See* U.S.C. § 2244(b)(3). AEDPA's allocation of "gatekeeping" responsibilities to the Courts of Appeals divests district courts of jurisdiction over habeas petitions that are second or successive filings until the appropriate Court of Appeals authorizes the filing. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007).

In the instant petition for a writ of habeas corpus, Shelton is challenging the same Parole Board decision that he has previously challenged in both the Eastern District and in this Court. A review of the Court of Appeals' docket establishes that Petitioner has not sought or received

authorization to pursue a second or successive petition. Accordingly, this Court must dismiss the petition for lack of jurisdiction.[1]

IV.   Certificate of Appealability

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, "a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, the Court concludes that jurists of reason would not find it debatable whether each of Petitioner's claims should be denied for the reasons given herein. Accordingly, a certificate of appealability should be denied.

V.   Conclusion

For the reasons set forth herein, Shelton's Petition is denied, and no certificate of appealability will issue. An appropriate order will follow.

_____
RICHARD A. LANZILLO
Chief United States Magistrate Judge

Dated: January 12, 2024

---

[1] This recommendation is without prejudice to Petitioner's ability to seek authorization to file a second or successive petition from the Court of Appeals for the Third Circuit. If the Court of Appeals grants his application, he can then file another habeas action in this Court at a new docket number.

4